CONFORMED COPY

WEINTRAUB TOBIN CHEDIAK
    COLEMAN GRODIN
Anjani Mandavia (SBN 94092)
    amandavia@weintraub.com
Marvin Gelfand (SBN 53586)
    mgelfand@weintraub.com
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California  90212
Telephone: (310) 858-7888
Fax:         (310) 550-7191

Attorneys for Plaintiff RIMOWA GmbH

WEINTRAUB TOBIN CHEDIAK
    COLEMAN GRODIN
Audrey Millemann (SBN 124954)
    amillemann@weintraub.com
400 Capitol Mall, Eleventh Floor
Sacramento, California  95814
Telephone: (916) 558-6000
Fax:         (916) 446-1611

Attorneys for Plaintiff RIMOWA GmbH

FILED
CLERK, U.S. DISTRICT COURT

AUG - 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RIMOWA GmbH, a German corporation, | CASE No. CV12-6651 MWF (FMOx) |
| Plaintiff, | **AMENDED COMPLAINT FOR:** |
| v. | 1. **TRADEMARK INFRINGEMENT [15 U.S.C. §1114(1)];** |
| MARVEL ENTERTAINMENT LLC, a Delaware limited liability company; BUENA VISTA HOME ENTERTAIN-MENT, INC., a California corporation; and HOT TOYS LIMITED, a Hong Kong company, | 2. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)];** 3. **TRADEMARK DILUTION [15 U.S.C. §1125(c)]** 4. **COMMON LAW TRADEMARK INFRINGEMENT;** 5. **CALIFORNIA COMMON LAW UNFAIR COMPETITION;** |
| Defendants. | 6. **ACCOUNTING;** 7. **CONSTRUCTIVE TRUST** |
| | **DEMAND FOR JURY TRIAL [F.R.Civ.P. 38]** |

4338503v1

AMENDED COMPLAINT

1  Plaintiff RIMOWA, GmbH ("Rimowa" or "Plaintiff") complains against

2  Defendants MARVEL ENTERTAINMENT LLC ("Marvel"), BUENA VISTA

3  HOME ENTERTAINMENT, INC. ("Buena Vista"), and HOT TOYS LIMITED

4  ("Hot Toys") (collectively "Defendants") as follows:

5  <u>**NATURE OF THE ACTION**</u>

6  1.    This is an action for trademark infringement, trademark dilution, and

7  unfair competition.  Plaintiff is a high-end manufacturer of luxury travel cases and

8  briefcases which are renowned for their superior quality and workmanship.  All of

9  Plaintiff's cases have a singular design feature: parallel, evenly-spaced horizontal

10  bands that run across and around each of the cases.  This design element is highly

11  distinctive, and has been granted trademark registration by the United States Patent

12  and Trademark Office.

13  2.    Plaintiff's products have acquired a well-deserved reputation for being

14  impervious to the elements and being virtually indestructible.  Because they are also

15  instantly recognizable by reason of their singular ribbed design, Plaintiff's products

16  have become some of the preferred carrying cases for a wide array of motion picture

17  heroes and villains, and have been featured in such movies as *Girl With The Dragon*

18  *Tattoo*, *Transformers*, *Ocean's 11*, and *Mission Impossible 3 and 4*.

19  3.    One of Rimowa's briefcases – the *Topas* attaché case – was also the

20  carrying case of choice for the character "Nick Fury," portrayed by Samuel L.

21  Jackson in Marvel's recent blockbuster motion picture *The Avengers*.  Marvel

22  obtained genuine Rimowa *Topas* cases for use in *The Avengers* motion picture;

23  however, Marvel did not obtain any license or authorization from Rimowa to make

24  replica copies of the cases for any purpose.

25  4.    Marvel is currently marketing and advertising a product called the

26  *Marvel Cinematic Universe: Phase One – Avengers Assembled Box Set* for shipment

27  starting September 25, 2012.  According to Marvel's marketing materials, the

28  product consists of Blu-Ray versions of *The Avengers* and several other Marvel

4338503v1                                  2
**AMENDED COMPLAINT**

1    super-hero motion pictures; bonus discs containing various additional materials; and

2    art, prop reproductions and artifacts from the motion picture, all packaged in "an

3    exclusive replica of Nick Fury's iconic briefcase." Images of the replica briefcase

4    on Marvel's advertising materials, and fan video from Marvel's product display at

5    this year's Comic-Con convention, show the plastic "replica case" to be a close copy

6    of Rimowa's *Topas* attaché case in every respect but quality – from the proportions

7    and coloring, to the style of the handle and latches, and, of course, in the use of the

8    trademarked parallel ridges around the body of the case.

9        5.    Marvel is also currently marketing and advertising, without

10   authorization, a Nick Fury "collectible" figurine, consisting of a 1/6[th] scale hyper-

11   realistic replica of the character, as portrayed by Samuel L. Jackson, with various

12   accessories, including a scale replica of the *Topas* attaché case, which has recently

13   been, or will shortly be, released for sale to the public.

14       6.    Defendants' actions in manufacturing, marketing, and distributing

15   unauthorized copies of Plaintiff's distinctive attaché case, including the trademarked

16   ridged design, constitute trademark infringement, trademark dilution, and unfair

17   competition. Accordingly, Plaintiff brings this action to enjoin Defendants from

18   further infringement of Plaintiff's Mark, to enjoin them from further unfair

19   competition, and to obtain damages and other redress for Defendants' wrongful acts.

20   Plaintiff demands a trial by jury.

21                        **JURISDICTION AND VENUE**

22       7.    This Court has subject matter jurisdiction over the federal claims in this

23   action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C.

24   §§ 1331 and 1338(a). This Court has ancillary subject matter jurisdiction over

25   Plaintiff's state law claims under the principles of pendent jurisdiction and pursuant

26   to 28 U.S.C. Section 1367(a). These state-law claims form part of the same case or

27   controversy, and derive from a common nucleus of operative facts.

28

4338503v1

**AMENDED COMPLAINT**

8.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) and 1391(c), as this is a judicial district in which a substantial part of the events giving rise to the claims asserted herein arose, and in which a substantial part of the injury to Plaintiff took place and continues to take place.

## THE PARTIES

9.     Plaintiff is a German corporation with its principal place of business in Cologne, Germany.  At all relevant times, Rimowa has been in the business of manufacturing and distributing luggage, camera cases, traveling cases, suitcases, trucks and briefcases.  Rimowa advertises, promotes, sells and distributes its products in interstate and international commerce, including in the State of California.

10.     Plaintiff is informed and believes, and on that basis alleges, that Marvel is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in New York, New York.  Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Marvel has been in the business of, among other things, producing and distributing motion pictures and other filmed entertainment, and in creating, manufacturing, and distributing items of merchandise related to its film and entertainment properties.  Plaintiff is informed and believes, and on that basis alleges, that Marvel advertises, promotes, sells and distributes its products in interstate and international commerce, including in the State of California.

11.     Plaintiff is informed and believes, and on that basis alleges, that Buena Vista is a corporation formed under the laws of the State of California, with its principal place of business in Los Angeles County, California.  Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Buena Vista has been in the business of, among other things, distributing home entertainment versions of motion pictures, including Marvel's motion pictures, and is and will be the distributor of the *Marvel Cinematic Universe: Phase One – Avengers Assembled*

1  *Box Set* at issue in this action.  Plaintiff is informed and believes, and on that basis

2  alleges, that Buena Vista advertises, promotes, sells and distributes its products in

3  interstate and international commerce, including in the State of California.

4         12.    Plaintiff is informed and believes, and on that basis alleges, that Hot

5  Toys is a company formed under the laws of Hong Kong, with its principal place of

6  business in Kowloon, Hong Kong.  Plaintiff is informed and believes, and on that

7  basis alleges, that at all relevant times Hot Toys has been in the business of, among

8  other things, designing, developing and manufacturing detailed collectible figurines

9  of motion picture and other entertainment characters, including characters featured

10  in *The Avengers* motion picture.  Plaintiff is informed and believes, and on that basis

11  alleges, that Hot Toys, pursuant to a purported license from Marvel, has designed,

12  developed, and manufactured a collectible figurine based on the "Nick Fury"

13  character in *The Avengers*, which figurine is being advertised with a scale replica of

14  the Rimowa *Topas* attaché case.  Plaintiff is informed and believes, and on that basis

15  alleges, that the Nick Fury figurine, with the replica Rimowa case, has recently

16  been, or will shortly be, offered for sale to the public.  Plaintiff is informed and

17  believes, and on that basis alleges, that Hot Toys advertises, promotes, sells and

18  distributes its products in interstate and international commerce, including in the

19  State of California.

20         **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

21         **Plaintiff's Mark**

22         13.    Rimowa is a leading luggage manufacturer; it has been in business

23  since 1898, and has been distributing and selling its products in the United States

24  since at least 1985.  Rimowa manufactures high-end luggage, briefcases, and camera

25  cases that are sold in its company showrooms and through independent luxury

26  retailers throughout the world.  These cases are manufactured in limited quantities,

27  and are renowned for their superior materials and quality craftsmanship.

28

4338503v1

**AMENDED COMPLAINT**

1    14.    Rimowa products have a signature design element, which is easily

2    recognizable and distinguishes them from all other luggage products, consisting of

3    mutually parallel, uniformly distributed, and closely-spaced ribs extending from an

4    outer surface of a suitcase in a three-dimensional manner.  This design feature –

5    which has been present on Rimowa cases since at least as early as 1950 – is highly

6    distinctive, and has been granted registration by the United States Patent and

7    Trademark Office (Reg. Nos. 2,583,912 and 3,949,886) (the "Mark").  The Mark

8    was registered on June 18, 2002 on the Supplemental Register (Reg. No. 2,583,912),

9    and on April 26, 2011 on the Principal Register (Reg. No. 3,949,886), in

10   International Classes 9 and 18.  True and correct copies of the registration

11   certificates for the Mark are attached hereto collectively as Exhibit A.

12   15.    The Mark is inherently distinctive, protectable, and non-functional.

13   Since at least 1985 in the United States, Rimowa has used the Mark to identify its

14   various products, and to distinguish them from those sold by others.  The Mark has

15   appeared prominently on Rimowa's products and in trade literature and advertising

16   materials.  Rimowa has expended significant time, money and effort to establish

17   public recognition of the Mark, which it has used in promoting the sale of its

18   products throughout the United States and the world, so that the public associates

19   the Mark with Rimowa and its reputation for workmanship, quality and durability.

20   Rimowa has also diligently and consistently policed its rights in the Mark.  As a

21   result of these efforts, Rimowa has established substantial consumer recognition of

22   the Mark, and the Mark has acquired a secondary meaning.  Rimowa has built up

23   and now has valuable goodwill connected with the Mark, and considers the Mark

24   among its most important and valuable assets.

25   **Use of Plaintiff's Product in the Motion Picture**

26   16.    Rimowa is represented by the marketing and product placement

27   company PRO.P.AG.AND.A G.E.M ("Propaganda") for purposes of showcasing its

28

1    products in motion pictures, television programs, music videos and gaming.

2    Propaganda has offices in, among other places, Culver City, California.

3          17.    Plaintiff is informed and believes, and on that basis alleges, that Marvel

4    Easter Productions, LLC ("MEP") is an affiliate of Marvel and Buena Vista, and

5    was the entity set up by Marvel for the purpose of producing *The Avengers*.

6    Plaintiff is informed and believes, and on that basis alleges, that MEP's principal

7    place of business is in Manhattan Beach, California.

8          18.    In or about February, 2011, MEP contacted Propaganda's offices in

9    Culver City, California, seeking Rimowa cases for use in the production of *The*

10   *Avengers*.   At that time, MEP advised Propaganda that it already had, and was

11   intending to use, a Rimowa *Topas* attaché case in that motion picture, but needed

12   additional Rimowa cases for backup and other purposes in the production.

13         19.    Accordingly, on or about February 18, 2011, Propaganda provided

14   MEP with four Rimowa cases, including two *Topas* attaché cases, to use in the

15   production of *The Avengers*.   The terms and conditions pursuant to which the

16   Rimowa cases were provided to MEP were set forth in a written Delivery Form, a

17   true and correct copy of which is attached hereto as Exhibit B.   Those terms and

18   conditions required MEP to keep the cases in good condition during the time they

19   remained in MEP's possession, and to return them to Propaganda upon the

20   completion of the motion picture; they did not provide MEP, Marvel, Buena Vista,

21   Hot Toys, or any other party with a license or other authorization to make replica

22   copies of the Rimowa cases for any purpose.   MEP returned the Rimowa cases to

23   Propaganda on or about September 15, 2011, as indicated on the Delivery Form.

24         20.    Plaintiff is informed and believes, and on that basis alleges, that MEP

25   and/or Marvel did, in fact, use Rimowa cases – and at least the Rimowa *Topas*

26   attaché case – in *The Avengers* motion picture, and that the character "Nick Fury,"

27   portrayed by Samuel L. Jackson, uses an actual Rimowa *Topas* attaché case in

28

1 various scenes in the picture.  Plaintiff has no complaint about the use or depiction

2 of the Rimowa cases in the motion picture.

3                  **Defendants' Unauthorized Use of Plaintiff's Mark**

4        21.     Plaintiff is informed and believes, and on that basis alleges, that

5 notwithstanding the fact that neither Marvel nor Buena Vista obtained a license or

6 other authorization from Rimowa to copy Rimowa's distinctive cases, Marvel and

7 Buena Vista are nonetheless currently marketing and advertising a product – the

8 *Marvel Cinematic Universe: Phase One – Avengers Assembled Box Set* – which

9 contains various Marvel super-hero related materials packaged in a plastic replica of

10 Rimowa's *Topas* attaché case.

11        22.     Images of the replica briefcase on Marvel's advertising materials, and

12 fan video from Marvel's product display at this year's Comic-Con convention, show

13 the plastic "replica case" to be a close copy of Rimowa's *Topas* attaché case.  And

14 there is no question that the product packaging is meant to be a copy of the Rimowa

15 case:  According to the product description on Amazon.com, the case is "an

16 exclusive replica of Nick Fury's iconic briefcase."

17        23.     Plaintiff is further informed and believes, and on that basis alleges, that

18 notwithstanding the fact that neither Marvel nor Hot Toys obtained a license or

19 other authorization from Rimowa to copy Rimowa's distinctive cases, Marvel and

20 Hot Toys are nonetheless currently marketing and advertising a product – the Nick

21 Fury $1/6^{th}$ scale collectible figurine – which includes a $1/6^{th}$ scale replica of

22 Rimowa's *Topas* attaché case, complete with its distinctive and trademarked design

23 element.

24        24.     Defendants' actions in manufacturing, marketing, and distributing,

25 without a license, unauthorized copies of Plaintiff's distinctive *Topas* attaché case,

26 including the trademarked ridged design, constitute trademark infringement,

27 trademark dilution, and unfair competition.  Accordingly, Plaintiff brings this action

28 to enjoin Defendants from further infringement of Plaintiff's Mark, to enjoin them

from further unfair competition, and to obtain damages and other redress for Defendants' wrongful acts.

## CLAIM I

### TRADEMARK INFRINGEMENT

### [15 U.S.C. § 1114(1)]

(Against all Defendants)

25.    Plaintiff re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 24, above.

26.    Plaintiff has used the Mark since at least as early as 1950 – and since at least as early as 1985 in the United States – and has used it in interstate commerce continuously since that time in connection with the promotion, distribution and sale of high quality luxury suitcases, camera cases, briefcases and travelling cases.

27.    The Mark was granted registration by the United States Patent and Trademark Office on June 18, 2002 on the Supplemental Register and on April 26, 2011 on the Principal Register, in International Classes 9 and 18.

28.    The Mark is used on a variety of commercial products purchased and promotional materials disseminated throughout the country.

29.    Defendants have copied or colorably imitated the Mark, and have used it on products and advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods, which is likely to cause to confusion, cause mistake, or deceive, in violation of 15 U.S.C. §1114(1).  Plaintiff is informed and believes, and thereon alleges, that Defendants have committed these acts with knowledge that they would cause confusion, cause mistake, or deceive, and with the intent to do so.

30.    Plaintiff is informed and believes, and thereon alleges, that as a proximate result of Defendants' wrongful conduct as herein alleged, Defendants have made substantial profits and Plaintiff has sustained substantial damage, each in amounts to be proven at trial.  Plaintiff is entitled to recover all of Defendants'

1  profits, plus an amount equal to three times its actual damages, plus the costs of this

2  action (including reasonable attorneys' fees), pursuant to 15 U.S.C. §1117(a).

3       31.    Plaintiff has no adequate remedy at law and, unless Defendants are

4  permanently enjoined from unlawfully using the Mark, Plaintiff will continue to

5  suffer irreparable harm as a result of Defendants' conduct as herein alleged.

**CLAIM II**

**FALSE DESIGNATION OF ORIGIN**

**[15 U.S.C. §1125(a)]**

(Against all Defendants)

10       32.    Plaintiff re-alleges and incorporates herein by this reference each

11  allegation set forth in Paragraphs 1 through 31, above.

12       33.    Defendants' use of the Mark is likely to cause confusion, cause mistake,

13  or deceive as to the origin, sponsorship, or approval of Defendants' products by

14  Plaintiff, in violation of 15 U.S.C. §1125(a)(1)(A).

15       34.    Plaintiff is informed and believes, and on that basis alleges, that, as a

16  proximate result of Defendants' wrongful conduct as herein alleged, Defendants

17  have and will make substantial profits and Plaintiff has and will sustain substantial

18  damage, each in amounts to be proven at trial.  Plaintiff is entitled to recover all of

19  Defendants' profits, plus an amount equal to three times its actual damages, plus the

20  costs of this action (including reasonable attorneys' fees), pursuant to 15 U.S.C.

21  §1117(a).

22       35.    Defendants' unauthorized and infringing use of the Mark has been and

23  is likely to cause confusion and mistake in the minds of the relevant public and to

24  deceive them as to the origin, authorization, or sponsorship of Defendants' goods,

25  and to cause consumers to erroneously believe that Plaintiff has produced,

26  participated in, approved and/or endorsed Defendants' goods and/or the use of the

27  Mark in or on the goods.

28

10

**AMENDED COMPLAINT**

36.     Defendants' unlawful use of the Mark will irreparably harm Plaintiff, in that Defendants are offering inferior quality goods under a mark which is identical or confusingly similar to Plaintiff's Mark, thus leaving customers and consumers to believe, erroneously, that Defendants' inferior goods are in fact manufactured, sold, sponsored or endorsed by Plaintiff.

37.     Plaintiff has no adequate remedy at law, and, unless Defendants are enjoined from unlawfully using the Mark, Plaintiff will continue to suffer irreparable harm as a result of Defendants' conduct as herein alleged.

<u>**CLAIM III**</u>

**DILUTION OF TRADEMARK**

**[15 U.S.C. § 1125(c)]**

(Against all Defendants)

38.     Plaintiff alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 37, above.

39.     Plaintiff's Mark is distinctive and famous within the meaning of 15 U.S.C. §1125(c).  Through Defendants' unauthorized use of the Mark as alleged herein, Defendants have caused, and are likely to continue to cause, dilution of the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

40.     Defendants' conduct is intended to trade upon Plaintiff's reputation, and is likely to tarnish or injure Plaintiff's business reputation.

41.     Defendants' use of the Mark has caused and will continue to cause irreparable and continuing harm to Plaintiff in the diminution of its value and goodwill, and in its impairment to serve as a designation of source.  Plaintiff has no adequate remedy at law and, unless Defendants are enjoined from unlawfully using the Mark, Plaintiff will continue to suffer irreparable harm as a result of Defendants' conduct as herein alleged.

42.     Plaintiff is informed and believes, and on that basis alleges, that Defendants willfully intended to trade on Plaintiff's reputation.  Accordingly,

11

1   Plaintiff is entitled to recover all of Defendants' profits, plus an amount equal to

2   three times its actual damages, plus the costs of this action (including reasonable

3   attorneys' fees), pursuant to 15 U.S.C. §1117(a).

4                               **CLAIM IV**

5                **COMMON LAW TRADEMARK INFRINGEMENT**

6                          (Against all Defendants)

7        43.    Plaintiff re-alleges and incorporates herein by this reference each

8   allegation set forth in Paragraphs 1 through 42, above.

9        44.    Plaintiff has acquired common law trademark rights in the Mark in

10  connection with, among other things, the production, promotion, sale and

11  distribution of camera cases, suitcases, travelling cases and briefcases.

12       45.    The actions of Defendants as alleged herein are likely to create

13  confusion, mistake and deception of consumers into believing that Defendants'

14  infringing and unauthorized use of the Mark is authorized, licensed, or sponsored

15  by, or otherwise associated with Plaintiff's common law trademark rights in the

16  Mark.

17       46.    Plaintiff is informed and believes, and thereon alleges, that in doing the

18  acts herein alleged, Defendants acted maliciously, fraudulently, oppressively, and in

19  bad faith, with an intent to injure Plaintiff.

20       47.    The foregoing actions of Defendants constitute infringement of

21  Plaintiff's trademarks in violation of federal common law and the common law of

22  the State of California.

23       48.    Plaintiff is informed and believes, and thereon alleges, that as a

24  proximate result of Defendants' wrongful conduct as herein alleged, Plaintiff has

25  sustained substantial damage in an amount to be proven at trial.

26       49.    Plaintiff is informed and believes, and thereon alleges, that Defendants

27  have engaged in the malicious, fraudulent and oppressive conduct herein alleged

28  with a willful and conscious disregard for the rights of Plaintiff.  Plaintiff is

1   informed and believes, and thereon alleges, that the unlawful conduct herein alleged

2   on the part of each Defendant was authorized, ratified, or carried on by one or more

3   of its respective officers, directors, or managing agents.  As a result of such

4   malicious, fraudulent, or oppressive conduct on the part of Defendants, Plaintiff is

5   entitled to recover punitive or exemplary damages from them pursuant to Section

6   3294 of the California Civil Code in an amount to be proven at trial.

7        50.    Plaintiff has no adequate remedy at law, and, unless Defendants are

8   enjoined from unlawfully using the Mark, Plaintiff will continue to suffer

9   irreparable harm as a result of Defendants' conduct as herein alleged.

10                                **CLAIM V**

11   **CALIFORNIA COMMON LAW UNFAIR COMPETITION**

12                          (Against all Defendants)

13        51.    Plaintiff re-alleges and incorporates herein by this reference each

14   allegation set forth in Paragraphs 1 through 50, above.

15        52.    Defendants' conduct as herein alleged constitutes unfair competition in

16   violation of the common law of the State of California.

17        53.    Plaintiff is informed and believes, and thereon alleges, that as a

18   proximate result of Defendants' wrongful conduct as herein alleged, Defendants

19   have or will make substantial profits and Plaintiff has or will sustain substantial

20   damage, each in amounts to be proven at trial.

21        54.    Plaintiff has no adequate remedy at law and, unless Defendants are

22   enjoined from unlawfully using the Mark, Plaintiff will continue to suffer

23   irreparable harm as a result of Defendants' conduct as herein alleged.

24        55.    Plaintiff is informed and believes, and thereon alleges, that in doing the

25   acts herein alleged, Defendants acted maliciously, fraudulently, oppressively, and in

26   bad faith, with an intent to injure Plaintiff.  Plaintiff is informed and believes, and

27   thereon alleges, that the unlawful conduct herein alleged on the part of each of the

28   Defendants was authorized, ratified, or carried on by one or more of its respective

1 | officers, directors, or managing agents.  Plaintiff is informed and believes, and
2 | thereon alleges, that Defendants have engaged in the malicious, fraudulent and
3 | oppressive conduct herein alleged with a willful and conscious disregard for the
4 | rights of Plaintiff.  As a result of such malicious, fraudulent, or oppressive conduct
5 | on the part of Defendants, Plaintiff is entitled to recover punitive or exemplary
6 | damages pursuant to Section 3294 of the California Civil Code in an amount to be
7 | proven at trial.

## CLAIM VI

### ACCOUNTING

(Against all Defendants)

56.   Plaintiff re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 55, above.

57.   An accounting is required to determine the amount of profits derived by Defendants from their unlawful conduct.

## CLAIM VII

### CONSTRUCTIVE TRUST

(Against all Defendants)

58.   Plaintiff re-alleges and incorporates herein by this reference each allegation set forth in Paragraphs 1 through 57, above.

59.   Plaintiff has no adequate remedy at law and has sustained irreparable harm as a result of Defendants' unlawful conduct as herein alleged.  Defendants hold all ill-gotten gains from such unlawful conduct, in an amount to be proven at trial, in constructive trust for the benefit of Plaintiff.

## DEMAND FOR JURY TRIAL

60.   Plaintiff hereby demands a trial by jury on the claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

4338503v1

14

AMENDED COMPLAINT

**On Claim I (Trademark Infringement):**

1.   That Defendants be required to account for and pay over to Plaintiff all profits derived from their unlawful conduct in an amount to be proven at trial;

2.   For an award of three times Plaintiff's actual damages in an amount to be proven at trial;

3.   For an award, at Plaintiff's election, to recover statutory damages in lieu of actual damages and profits pursuant to 15 U.S.C. §1117(c); and

4.   For a preliminary and permanent injunction prohibiting Defendants, and their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the Mark in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Claim II (False Designation of Origin):**

1.   That Defendants be required to account for and pay over to Plaintiff all profits derived by them from their unlawful conduct in an amount to be proven at trial;

2.   For an award of three times Plaintiff's actual damages in an amount to be proven at trial; and

3.   For a preliminary and permanent injunction prohibiting Defendants, and their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the Mark in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Claim III (Trademark Dilution):**

1.   That Defendants be required to account for and pay over to Plaintiff all profits derived by them from their unlawful conduct in an amount to be proven at trial;

2.   For an award of three times Plaintiff's actual damages in an amount to be proven at trial; and

3.   For a preliminary and permanent injunction prohibiting Defendants, and their officers, directors, agents, employees, representatives, parents, subsidiaries,

**AMENDED COMPLAINT**

affiliates, successors, and assigns, from using the Mark in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Claim IV (Common Law Trademark Infringement):**

    1.    For compensatory damages in an amount to be proven at trial;

    2.    For punitive or exemplary damages in an amount to be proven at trial; and

    3.    For a preliminary and permanent injunction prohibiting Defendants, and their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the Mark in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Claim V (Common Law Unfair Competition):**

    1.    For compensatory damages in an amount to be proven at trial;

    2.    For punitive or exemplary damages in an amount to be proven at trial; and

    3.    For a preliminary and permanent injunction prohibiting Defendants, and their officers, directors, agents, employees, representatives, parents, subsidiaries, affiliates, successors, and assigns, from using the Mark in any manner in connection with their promotion and/or sale of their goods and/or services.

**On Claim VI (Accounting):**

    1.    That Defendants be required to account for all profits derived by them from their unlawful conduct.

**On Claim VII (Constructive Trust):**

    1.    That Defendants are holding, as constructive trustees for the benefit of Plaintiff, all profits derived by Defendants from their unlawful conduct in an amount to be proven at trial.

**On All Claims:**

    1.    For prejudgment interest in the maximum amount provided by law;

    2.    For costs of suit, including reasonable attorneys' fees where permitted by statute; and

3.  For such other or further relief as the Court deems just and proper.

DATED: August 8, 2012

WEINTRAUB TOBIN CHEDIAK
COLEMAN GRODIN

By: _____
        Anjani Mandavia
Attorneys for Plaintiff RIMOWA GmbH

EXHIBIT A

Int. Cls.: 9 and 18

Prior U.S. Cls.: 1, 2, 3, 21, 22, 23, 26, 36, 38, and 41

**Reg. No. 2,583,912**

## United States Patent and Trademark Office

Registered June 18, 2002

### TRADEMARK
#### SUPPLEMENTAL REGISTER



RIMOWA KOFFERFABRIK GMBH (FED REP GERMANY CORPORATION)
MATHIAS-BRUGGEN-STR. 118
D-50829 KOLN, FED REP GERMANY

FOR: CARRYING CASES FOR PHOTOGRAPHIC EQUIPMENT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 0-0-1950; IN COMMERCE 0-0-1985.

FOR: LUGGAGE, TRAVELLING CASES AND SUITCASES, TRUNKS AND BRIEFCASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1950; IN COMMERCE 0-0-1985.

THE MARK CONSISTS OF A PIECE OF LUGGAGE HAVING PARALLEL SPACED RIBS. THE MATTER SHOWN IN BROKEN LINES IS NOT PART OF THE MARK AND SERVES TO SHOW THE POSITION OF THE MARK ON THE GOODS.

SER. NO. 75-696,992, FILED P.R. 5-3-1999; AM. S.R. 5-31-2001.

DOUGLAS LEE, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,949,886**

**Registered Apr. 26, 2011**

**Int. Cls.: 9 and 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

RIMOWA GMBH (FED REP GERMANY GESELLSCHAFT MIT BESCHRÄNKTER HAFTUNG (GMBH))
MATHIAS BRUGGEN STR. 118
KOLN, FED REP GERMANY 50829

FOR: CARRYING CASES FOR PHOTOGRAPHIC EQUIPMENT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 0-0-1950; IN COMMERCE 0-0-1985.

FOR: LUGGAGE, TRAVELING CASES AND SUITCASES, TRUNKS AND BRIEFCASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1950; IN COMMERCE 0-0-1985.

OWNER OF FED REP GERMANY REG. NO. 39616159, DATED 12-16-1996, EXPIRES 12-16-2016.

OWNER OF U.S. REG. NO. 2,583,912.

THE MARK CONSISTS OF THE HORIZONTAL BANDS THAT RUN ACROSS AND AROUND THE OWNER'S LUGGAGE PRODUCTS. THE OWNER CLAIMS ONLY THESE HORIZONTAL BANDS AS THE MARK.

SEC. 2(F).

SER. NO. 77-944,738, FILED 2-25-2010.

ALEXANDER L. POWERS, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT B**

PROPAGANDA
G·E·M

THE AVENGERS

Project Title

Marvel Eastern Productions, LLC

Production Company

1600 Rosecrans Ave.
Manhattan Beach, CA 90266

Address

Delivery Date

Estimated Return Date :

Contact :          Rick Chavez

Title :            Asst Prop Master

Tel # :            818.212.3346

Fax # :

Mobile # :

Email :

☐ CLIENT   ☑ RIMOWA

| QUANTITY | MODEL / DESCRIPTION | SERIAL #, ARTICLE | REPLACEMENT VALUES | RETURNED |
|---|---|---|---|---|
| 1 | 928.54 Topas Boardcase | 01100000 | 800 | |
| 1 | 928.54 Topas Boardcase | 01100001 | 800 | |
| 1 | 928.50 Pilot Trolley | 01500198 | 950 | |
| 1 | 924.38 Beauty Case | 20010480 | 410 | |
| | | | | |
| | | TOTAL US $: | 2960 | |

I have read and agree to all the terms and conditions on the back of this form, and I
am authorized to bind the Production Company to those terms and conditions

SIGNATURE : _Aaron M. _____

RECEIVED BY : _HANNAH HUBEL_____

TITLE : _____

PRODUCTION COORDINATOR : _____

CONTACT @ PROPAGANDA : _____ Kelly Sorensen _____

ORDER INSPECTED BY : _____

APPROVED BY : _____

D E L I V E R Y   F O R M

27 Rue Voltaire
1201 Geneva - Switzerland
Tel: (41.22) 339 90 80
Fax : (41.22) 339 90 89

11264 Playa Court
Culver City, CA 90230, USA
Tel: (310) 397-2300
Fax : (310) 397-2310

PRODUCTION COMPANY AGREES TO THE FOLLOWING WITH RESPECT TO THE PROMOTIONAL PRODUCTS (THE "PRODUCT(S)") DESCRIBED ON THE OPPOSITE SIDE OF THIS FORM.

1.  While the product(s) is in the Production Company's possession, the Production Company will, at the Production Company's expense, keep the Product(s) in good working order, condition and repair. Repairs, parts and servicing as are necessary must be obtained at an authorized dealership that sells and services the type of product covered by this Agreement. The Production Company will return each article to Propaganda (or to PROPAGANDA's Client, if Propaganda so directs the Production Company in writing) in as good order and condition as when delivered to the Production Company. Any existing damage on returned goods not so noted will be deemed the responsibility of the Production Company.

2.  If any Product(s) delivered to the Production Company is lost, damaged, or destroyed prior to return to PROPAGANDA, or to PROPAGANDA's Client. The Production Company will promptly pay to PROPAGANDA the full replacement value. The Production Company shall keep a record of all damage and repairs to the Product(s). The record of damage and repairs shall be provided to PROPAGANDA when the Product(s) is returned to PROPAGANDA or to PROPAGANDA's Client.

3.  The Production Company shall agree to indemnify, hold harmless and defend PROPAGANDA with counsel acceptable to PROPAGANDA from any and all claims, actions, suits, proceedings, costs, expenses, damages, and liabilities, including reasonable attorney fees arising out of, connected with or resulting from the lease of any Product(s) provided by PROPAGANDA, however, Production Company shall have no obligation to indemnify and hold harmless PROPAGANDA of PROPAGANDA's sole negligence.

4.  The Production Company shall, at it's own cost and expense, secure and maintain:

    a)  All Risk Property Insurance providing Replacement Cost cover on Product(s) delivered to Production Company by PROPAGANDA, and PROPAGANDA shall be added as Loss Payee relative to such Product(s).

    b)  Commercial General Liability Insurance in an amount of no less than $1,000,000.00 limit for each occurrence for bodily injury and/or Property Damage and Personal Injury. PROPAGANDA shall be added as an additional insured as respects Production Company's use of any Product(s) delivered to Production Company by PROPAGANDA.

5.  Each of the above insurance policies shall be endorsed to provide for a thirty (30) days prior written notice to PROPAGANDA of a cancellation or material change. Each policy must further stipulate that the coverage's provided are primary and non-contributory with any insurance maintained by PROPAGANDA. It is agreed that Production Company's insurance shall commence at the time the Product(s) leave PROPAGANDA premises and shall remain in full force and effect until the equipment is returned to PROPAGANDA's premises, unless it is stipulated that the Product(s) is to be returned to a specific location other than PROPAGANDA's premises, in which case, the insurance shall cease upon return of the Product(s) leaving PROPAGANDA's premises, unless prior consent to the contrary has been granted in writing.

6.  The Product Company agrees to use, refer to and depict the "Product(s)" in a manner consistent with the product's designated and intended use as defined and advertised by PROPAGANDA's Client. The Production Company will not materially alter the Product(s) or depict the Product(s) in any scene, sequence or situation, which is not deemed acceptable to PROPAGANDA's Client. If the Production Company does alter the appearance or trademark of the Product(s), PROPAGANDA reserves the right to bill the Production Company at prevailing rental rates. All Product(s) is to be returned to PROPAGANDA (or at PROPAGANDA's direction, to PROPAGANDA's Client) upon completion of production.

7.  The Production Company shall pay fines, taxes assessments, shipping charges, brokerage fees, customs fees, storage and any governmental fees and charges payable on the Product(s) loaned or on the uses, possession, delivery or operation thereof, and shall indemnify and hold PROPAGANDA and PROPAGANDA's Client harmless from and against any and all such fines, taxes, assessments, fees and charges, and all expenses, penalties and forfeitures incurred in connection therewith.

8.  The Production Company agrees that the Production Company will not use and Product(s) loaned above, or cause or permit the same to be used in any manner whatsoever in violation of any Municipal, County, State or Federal law, ordinance or regulation.

9.  The Production Company agrees that in the event of any accident involving any Product(s) loaned above, the Production Company will within twelve (12) hours following such accident, furnish to PROPAGANDA a full and complete report describing said accident.